IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Respondant | * | Docket No. 99-00016 (HL) |
| vs. | * | |
| ELVIN PERALTA-RAMIREZ | * | Honorable Carmen C. Cerezo |
| TN: GREGORIO MARTINEZ REYNOSO | | |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

MOTION PURSUANT TO 18 U.S.C. §3582

FOR A MODIFICATION OF SENTENCE PURSUANT TO

CLARIFYING AMENDMENT 640 TO

U.S.S.G. §2D1.1.(a)(3)

---

Respectfully Submitted,
*Elvin Peralta Ramirez*
Elvin Peralta Ramirez
I.D. #16910-069
FCI Schuylkill
P.O. Box 759
Minersville, PA.
     17954-0759

Dated: 7-91 ___, 2005

Comes now the defendant Elvin Peralta Ramirez, Pro Se, and respectfully moves the court to modify his sentence, pursuant to 18 U.S.C. §3582, based upon the Sentencing Commission's amendment "640" to U.S.S.G. §2D1.1(a)(3) and §3B1.2 respectively. The defendant further moves the court in light of the newly announced constitutional rule in the **Booker/Fanfan** decision, 543 U.S. ___,(2005).

The Supreme Courts decision in **Booker** and its affect on this motion pursuant to 18 U.S.C. §3582 in regards to amendment 640, should allow this court to review this matter in a new light. In Justice Breyers majority second decision of the Court, a remedial decision was given as to the severability of certain sections of statute in light of Justice Stevens initial majority decision of the court. As this court is now aware the **Booker** decision asserted the mandatory language upon Judges in the sentencing guidelines was a violation of the Sixth Amedment for enhancements not found by a jury. Hence, the **Blakely v. Washington,** 542 U.S. ___,(2000) decision applies to the federal sentencing guidelines. The courts second decision delivered by Justice Breyer, held the provision of the federal sentencing statute that makes the guidelines mandatory, 18 U.S.C. §3553(b)(1) must be severed and excised.

In light of these decisions rendered January 12, 2005, effectively this court is no longer bound by the constraints of the guidelines manual in deciding the defendants §3582 motion now before the court. The instant courts decision should be purely discretionary on this issue that has been preserved since initial sentencing, however presently being argued in a sentencing amendment, invoking the courts jurisdiction.

The defendant in the instant case was sentenced on or about March 6th, 2002 by this court for a violation of Title 46, Section 1903(a), (b)(1) and (f) and 18 U.S.C. §2. Distribution or possession of a controlled substance on a vessel.

As part of the defendant's plea agreement pursuant to Fed. Rules of Criminal Procedure Rule 11 (e)(1)(c) an offense level of 33 was settled upon, with a sentence range of 135 to 168 months, later amended due to (3) three Criminal History Points to level 33 with a sentence range of 151-188 months.

On or about March 6, 2002 the Petitioner was sentenced to 151 months and 5 years supervised release.

As part of the plea agreement the defendant was afforded a downward departure pursuant to U.S.S.G. §3B1.2 (b) minor participant. The instant court granted the minor role departure to wit: the 151 months sentence.

1.) The defendant had a base offense level 38 pursuant to §2D1.1 .

2.) A two level decrease pursuant to §3B1.2 (b).

3.) An additional 3 level decrease pursuant to §3E1.1 (a) and (b) for Acceptance of Responsibility.

4.) Resulting in a final level of 33.

At the time of defendant's sentence the U.S. Sentencing Commission recommended to Congress Sentencing Amendment 640 to guideline application §3B1.2 (b) minor role.

Since defendant's sentence was pending during the time frame of the ratification of this amendment and during his direct appeal, and he was afforded application §3B1.2 (b), he is entitled to the benifits of Amendment 640. Especially in light of the fact it is a clarifying

amendment which are always deemed to be retroactive, and in light of the language of the United States Supreme Courts decision in **Booker v. United States**, 543 U.S. ___, (2005).

See **U.S. v. Booker**, Justice Breyers decision of the court:

"The other approach, which we now adopt, would (through severance and excision of two provisions) make the Guidelines system advisory while maintaining a strong connection between the sentence imposed and the offender's real conduct- a connection important to the increased uniformity of sentencing that Congress intended its Guidelines system to achieve.

"Both approaches would significantly alter the system that Congress designed. But today's constitutional holding means that it is no longer possible to maintain the judicial factfinding that Congress thought would underpin the mandatory Guidelines system that it sought to create and that Congress wrote into the Act in 18 U.S.C.A. §§3553(a) and 3661 (main ed. and Supp. 2004). Hence, we must decide whether we would deviate less radically from Congress' intended system (1) by superimposing the constitutional requirement announced today or (2) through elimination of some provisions of the statute."

In light of these facts and arguments, the defendant perceives this court is now embodied with ample authority to grant a hearing and allow the defendant to demonstrate what affects the Amendment should have on him or in the alternative the court can rule with a sentence adjustment without the defendant present.

Amendment 640, effective November 1, 2002 is a clarifying amendment to the operation of §2D1.1(a)(3) and §3B1.2 (mitigating role).

Amendment 640 States:

> "Section 2D1.1(a)(3) is amended by striking "below" and inserting except that if the defendant receives an adjustment under this subsection shall not be more than level 30."

Reason for Amendment:

> "This Amendment responds to concerns that the guidelines pertaining to drug offenses do not satisfactory reflect the calpability of certain offenders. This Amendment [also clarifies] the operation of certain provisions in §2D1.1."

The operative word in the afore-mentioned paragraph is [also] and [clarifies] (emphasis added). The word "also" meaning before and after. It is then obvious Congress and the Sentencing Commission clearly were stating the amendment clarifies in the plural.

In essance, had the clarifying language, now present in Amendment 640, been available at sentencing, a strong probability exists that it would have been granted, based upon the evidence in the instant case.

See: **U.S. v. Marmolejos**, 140 F3d 488 (3rd Cir. 1998)

"An amendment may not be given retroactive effect if it effects a substantive change in the law." **Marmolejos**, 140 F.3d at 490.

The **Diaz** court went on further to state where and how to begin the analysis. **U.S. v. Diaz**, 245 F3d 294 (3rd Cir. 2001).

**Diaz** at 303:

> "[5-8] Although there is no bright line for distinguishing between a substantive and clarifying amendment, we have suggested that courts should look to the language of the Amendment, it's purpose

and commentary in effect at the time of sentencing is consistent with the amended sentencing manual."

In looking at the plain language of the amendment by the Sentencing Commission and Congress. The Amendment states itself, "The amendment clarifies" the operation of certain provisions in §2D1.1. See **U.S. v. Bifield**, 124 F.Supp. 2d 307, 311 (M.D. PA. 2000) [Sentencing Commission's characterization of amendment as (clarifying held to be clarifying).]

Thus, as the **U.S. v. Garcia**, 204 F. Supp. 2d 790 (D. N.J. 2002) court stated along with **Diaz**, supra, and **U.S. v. Marmolejos**, 140 F3d 488 (3rd Cir. 1998), a clarifying amendment may be given retroactive force even if it's not listed in §1B1.10,[1] if it is clarifying. In the instant case, it is clear the 640 Amendment is clarifying.

The Third Circuit in **Diaz**, supra went on further to state at 303 the differance between a clarifying amendment and a substantive one, "Generally,, if the amended guideline and commentary overrules a prior judicial construction of the guidelines, it is substantive, if it confirms our prior reading of the guidelines and does not disturb prior precedent, it is clarifying." **U.S. v. Bertoli**, 40 F.3d 1384 (3rd Cir. 1994).

Furhter analysis of the reason for the amendment indicates it was done pursuant to circuit decisions or conflicts.

---

[1] The court in **U.S. v. Marmolejos**, 140 F.3d 488 (3rd Cir. 1998) stated clearly that:

"yet the law is clear that courts can give retroactive

effect to a clarifying amendment (as opposed to substantive) regardless of whether it is listed in U.S.S.G. §1B1.10. **U.S. v. Capers,** 61 F.3d 1100 (4th Cir. 1995) Cert. denied. 517 U.S. 1211, 116 S.Ct. 1830 (1996).

The amendment itself states:

"This part of the amendment responds to concerns that base offense levels derived from the drug quantity table in §2D1.1 overstates the culpability of certain drug offenders who meet the criteria for a Mitigating Role adjustment under §3B1.2."

The scarlet thread running through this amendment appears to clarifying the intent and purpose of the initial guideline versions and addresses concerns that, as they were, did not properly reflect culpability in some cases. It appears this amendment falls on the side of a clarifying amendment, rather than substantive change.

## SUMMARY OF THE ARGUMENT

Since the defendant already recieved the initial benifits of application §3B1.2(b) the court does not have to investigate whether or not to grant a minor role adjustment, it must only answer if the defendant was entitled to the benifits of amendment 640 pending at the time of his sentence and enacted into law in November of 2002.

Based upon the aforementioned arguments, it appears clear the defendant should receive the benifit of amendment 640, which will reduce his sentence from 151 months at level 33, to level 30, a 108 month sentence. A reduction of 43 months.

It is also clear counsel failed to recognize this error and the defendant should not be penalized for his neglect, a Miscarriage of Justice would result otherwise and a loss of due process.

-7-

## CONCLUSION

Wherefore, the defendant moves the court it has jurisdiction to hear this matter under §3582 and should re-sentence the defendant in accordance with the provisions stated herein.

Respectfully Submitted,

*Elvin Peralta Ramirez*

Elvin Peralta Ramirez
I.D. ³16910-069
FCI Schuylkill
P.O. Box 759
Minersville, PA.
    17954-0759

Dated: 7-21 ___, 2005

## CERTIFICATE OF SERVICE

I, Elvin Peralta Ramirez, hereby certify that I have caused to be served a true and correct copy of the attached Motion for a Modification of Sentence by depositing same in The United States Mail, postage prepaid on this _21_ day of _July_, 2005, addressed to the following:

> ROSA EMILIA RODRIQUEZ, A.U.S.A.
> FEDERAL BUILDING- ROOM # 452
> CARLOS CHARDON AVENUE
> SAN JUAN, PUERTO RICO
> 00918

Respectfully Submitted,

*Elvin Peralta Ramirez*

Elvin Peralta Ramirez
I.D. #16910-069
FCI Schuylkill
P.O. Box 759
Minersville, PA.
   17954-0759

Dated: _7-21_ , 2005